IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| OCEAN NETWORK EXPRESS PTE. LTD., | ) | CASE NO. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**COMES NOW** Plaintiff, Ocean Network Express Pte. Ltd. ("ONE"), by and through its attorneys, Engles, Ketcham, Olson & Keith, P.C., and for its Complaint against Defendant, Union Pacific Railroad Company ("Union Pacific"), alleges upon information and belief as follows:

### Jurisdiction and Venue

1. This is an action for damages concerning cargo transported by Union Pacific.

2. This Court has subject matter jurisdiction over this claim under 28 U.S.C. §1332 in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

3. Venue is proper in this Court pursuant to the terms of Union Pacific's Intermodal Terms and Conditions (ITC) and/or 28 U.S.C. §1391.

### Parties

4. ONE is a corporation organized and existing pursuant to the laws of Singapore, with an office and principal place of business at 7 Straits View, #1601 Marina One East Tower, Singapore 018396.

5. Union Pacific is a Delaware corporation with its principal place of business in Omaha, Nebraska.

6. Union Pacific was and is engaged in business as a carrier of merchandise by rail for hire and conducts business in and has an office and place of business at 1400 Douglas Street, Omaha, Nebraska 68179.

**Facts**

7. At all relevant times, ONE and Union Pacific were parties to "Confidential Rail Transportation Contract," which applies to this claim.

8. The Confidential Rail Transportation Contract incorporates Union Pacific's Intermodal Terms and Conditions (ITC).

9. On June 15, 2021, ONE issued sea waybill ONEYRICBBB612602 for the carriage of container TCNU4912476, said to contain L-Arginine, from Saint Louis, Missouri to Shanghai, China via the Port of Los Angeles.

10. ONE contracted with Union Pacific to carry the shipment by rail from Saint Louis to Los Angeles pursuant to Union Pacific waybill 677528.

11. The container was found at Los Angeles with doors open, the seal of the container having been breached during Union Pacific's rail carriage of it.

12. The shipper on ONE's sea waybill has claimed against ONE alleging damages of $166,060.00 as a result of the alleged contamination of the cargo.

**First Cause of Action**

13. ONE repeats and re-alleges each and every paragraph contained herein.

14. ONE asserts these claims without prejudice to or waiver of any defenses that may be available to it against anyone claiming an interest in the cargos.

15. If ONE is held liable or settles the underlying claims, such will be due solely to the fault, negligence, gross negligence, and/or lack of care, breach of warranty (express or implied), omission or other wrongful act on the part of Union Pacific, its agents, or sub-contractors.

16. As a result of the foregoing, ONE claims indemnity against Union Pacific for any and all sums which ONE may be required to pay on the underlying claims, whether by judgment or settlement, including attorneys' fees and expenses.

**Second Cause of Action**

17. ONE repeats and re-alleges each and every paragraph contained herein.

18. ONE asserts these claims without prejudice to or waiver of any defenses that may be available to it against or anyone claiming an interest in the cargos.

19. If ONE is held liable or settles the underlying claims, then such will be solely due to Union Pacific's breach of the Rail Transportation Contract and the MITA in failing to deliver the cargos including attorneys' fees and expenses.

20. As a result of the foregoing, ONE claims indemnity against Union Pacific for any and all sums which ONE may be required to pay on the underlying claims, whether by judgment or settlement, including attorneys' fees and expenses.

### Third Cause of Action

21. ONE repeats and re-alleges each and every paragraph contained herein.

22. ONE asserts this claim without prejudice to or waiver of any defenses that may be available to it against anyone claiming an interest in the cargos.

23. Union Pacific acted as bailee of the cargos for good consideration and thereby warranted and had a legal duty to safely keep, care for, and deliver the cargos in the same condition and quantity as when entrusted to them and to perform its services as a bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner.

24. If ONE is held liable or settles the underlying claims, such will be due solely to Union Pacific's breach of these bailment obligations by failing to deliver all of the cargos entrusted to it.

25. As a result of the foregoing, ONE is entitled to indemnity against Union Pacific for any and all sums which ONE may be required to pay on the underlying claims, whether by judgment or settlement, including attorneys' fees and expenses.

### Fourth Cause of Action

26. ONE repeats and re-alleges each and every paragraph contained herein.

27. ONE has yet to be found liable on the underlying claims and has to yet settle the underlying claims.

28. ONE seeks a declaratory judgment pursuant to 28 U.S.C. §2201 et seq. and Federal Rule of Civil Procedure 57, that Union Pacific is obligated to indemnify ONE with respect to any liabilities ONE may incur, whether by judgment or settlement, on the underlying claims including attorneys' fees and expenses.

### Prayer for Relief

**WHEREFORE**, ONE prays that the Court enter judgment on its Complaint against Union

Pacific on the counts above together with an award of costs, costs of suit, interest, and reasonable attorneys' fees, and for such other relief as the Court deems just and proper.

Dated this 31st day of May, 2022.

                        OCEAN NETWORK EXPRESS PTE. LTD., Plaintiff,

                        BY:   s/ Dan H. Ketcham
                              ENGLES, KETCHAM, OLSON &KEITH, P.C.
                              1350 Woodmen Tower
                              Omaha, Nebraska 68102
                              (402) 348-0900 Fax (402) 348-0904
                              Dan H. Ketcham, #18930
                              dketcham@ekoklaw.com